UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTURO LISANDRO GALICIA, individually and on behalf of all others similarly situated, | Case No.:<br>12-CV-6367 (DRH)(WDW) |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| *-against-* | |
| JIMIK FOOD CORPORATION, INC., NICHOLAS PAUL STIMOLA, JAMES ARMSTRONG and WILLIAM TIMPSON | |
| Defendants. | |

## COMPLAINT

1.      Plaintiff, ARTURO LISANDRO GALICIA, on behalf of himself and all others similarly situated, by and through his attorneys, STEVEN J. MOSER, P.C., complaining of the defendants, alleges as follows:

### INTRODUCTION

2.      Plaintiff brings this action seeking monetary damages and affirmative relief based upon defendants' violation of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201, et seq., the New York Labor Law (hereinafter referred to as "NYLL") and other appropriate rules, regulations, statutes and ordinances.

### JURISDICTION & VENUE

3.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      This Court has jurisdiction over all state law claims brought in this action

pursuant to 28 U.S.C. § 1367.

5.      Defendants do business in the State of New York, within the Eastern District of

New York, maintaining a place of business at 100 Main Street, New City, New York, 11111.

6.      Accordingly, this action properly lies in the Eastern District of New York,

pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### The Plaintiff

7.      The plaintiff ARTURO LISANDRO GALICIA is a resident of the County of

Nassau, State of New York.

8.      At all times relevant to the complaint, plaintiff ARTURO LISANDRO GALICIA

was an "employee" within the meaning of N.Y. Lab. Law § 190(2).

### The Defendants

### Jimik Food Corporation, Inc.

9.      Upon information and belief, defendant JIMIK FOOD CORPORATION INC.

(JIMIK) was and still is a domestic corporation organized and existing pursuant to the laws of

the State of New York.

10.     Upon information and belief, defendant JIMIK'S, principal place of business was

and still is at 31-33 Forest Avenue, Locust Valley, NY  11760.

11.     Upon information and belief, and at all times hereinafter mentioned, the defendant

JIMIK was and still is engaged in the restaurant business.

12.     Upon information and belief, the defendant JIMIK was and still is doing business

as Buckram Stables Café.

13.     At all times hereinafter mentioned, defendant JIMIK was and still is an

"employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab.

Law § 190(3).

Nicholas Paul Stimola

14.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA owns and/or operates the defendant JIMIK.

15.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA is the President of the defendant JIMIK.

16.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA is the Vice-President of the defendant JIMIK

17.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA is a shareholder of the defendant JIMIK.

18.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA is a corporate officer of the defendant JIMIK.

19.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA has the authority over personnel decisions for the defendant

JIMIK.

20.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA has the authority over payroll decisions for the defendant JIMIK.

21.     Upon information and belief, and at all times hereinafter mentioned, the defendant

NICHOLAS PAUL STIMOLA supervised employees of the defendant JIMIK.

22.     Upon information and belief, and at all times hereinafter mentioned, the defendant NICHOLAS PAUL STIMOLA has the authority to hire and fire employees for the defendant JIMIK.

23.     At all times hereinafter mentioned, the defendant NICHOLAS PAUL STIMOLA was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

24.     Defendant NICHOLAS PAUL STIMOLA has the power to make binding decisions for defendant JIMIK.

### James Armstrong

25.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG owns and/or operates the defendant JIMIK.

26.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG is the President of the defendant JIMIK.

27.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG is the Vice-President of the defendant JIMIK

28.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG is a shareholder of the defendant JIMIK.

29.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG is a corporate officer of the defendant JIMIK.

30.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG has the authority over personnel decisions for the defendant JIMIK.

31.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG has the authority over payroll decisions for the defendant JIMIK.

- 5 -

32.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG supervised employees of the defendant JIMIK.

33.     Upon information and belief, and at all times hereinafter mentioned, the defendant JAMES ARMSTRONG has the authority to hire and fire employees for the defendant JIMIK.

34.     At all times hereinafter mentioned, the defendant JAMES ARMSTRONG was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

35.     Defendant JAMES ARMSTRONG has the power to make binding decisions for defendant JIMIK.

### William Timpson

36.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON owns and/or operates the defendant JIMIK.

37.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON is the President of the defendant JIMIK.

38.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON is the Vice-President of the defendant JIMIK

39.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON is a shareholder of the defendant JIMIK.

40.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON is a corporate officer of the defendant JIMIK.

41.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON has the authority over personnel decisions for the defendant JIMIK.

42.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON has the authority over payroll decisions for the defendant JIMIK.

43.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON supervised employees of the defendant JIMIK.

44.     Upon information and belief, and at all times hereinafter mentioned, the defendant WILLIAM TIMPSON has the authority to hire and fire employees for the defendant JIMIK.

45.     At all times hereinafter mentioned, the defendant WILLIAM TIMPSON was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

46.     Defendant WILLIAM TIMPSON has the power to make binding decisions for defendant JIMIK.

Enterprise/Individual Coverage Under the FLSA

47.     At all times hereinafter mentioned, the activities of the defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

48.     At all times hereinafter mentioned, defendants employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

49.     At all times hereinafter mentioned, defendant JIMIK's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii)

## FACTS

50.     Plaintiff ARTURO LISANDRO GALICIA was an employee of the defendants, working under their direct supervision.

51.     That the plaintiff ARTURO LISANDRO GALICIA was employed by the defendants from on or about August 2010until on or about October 2011.

52.     That during the course of his employment with the defendants, the plaintiff AURTURO LISANDRO GALICIA was a kitchen laborer.

53.     At all times hereinafter mentioned, plaintiff ARTURO LISANDRO GALICIA was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

54.     Plaintiff ARTURO LISANDRO GALICIA worked overtime on a regular basis for defendants from August 2010 through October 2011.

55.     Defendants failed to compensate the plaintiff ARTURO LISANDRO GALICIA for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

56.     Plaintiff ARTURO LISANDRO GALICIA regularly worked more than ten (10) hours per day while employed by defendants from 2000 through October 2012.

57.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets, payroll records and post compliance posters.

58.     Defendants denied plaintiff time off for meals and breaks.

59.     On December 26, 2012, the plaintiff filed a complaint in this action, and a summons was issued as to NICHOLAS PAUL STIMOLA.

60.     On December 29, 2012 the summons was served upon the defendant NICHOLAS PAUL STIMOLA and the affidavit of service was filed via ECF.

Retaliation

61.     After being served with the summons, NICHOLAS PAUL STIMOLA informed JAMES ARMSTRONG and WILLIAM TIMPSON of the wage claims being made against MR. STIMOLA and JIMIK.

62.     Thereafter, NICHOLAS PAUL STIMOLA, JAMES ARMSTRONG, and WILLIAM TIMPSON (the "Individual Defendants") informed employees at JIMIK that the plaintiff had been caught stealing from JIMIK.

63.     Thereafter, NICHOLAS PAUL STIMOLA, JAMES ARMSTRONG, and WILLIAM TIMPSON informed employees at JIMIK that the plaintiff had been fired for stealing from JIMIK.

64.     The statements made by the Individual Defendants as alleged in paragraphs 62 and 63 herein were false.

65.     On January 13, 2013, Peter MacKinnon, Esq., called plaintiff's counsel on behalf of defendants, and informed plaintiff's counsel that Mr. Galicia had been fired for stealing from the employer JIMIK.

66.     On or about January 28, 2013, Peter MacKinnon, Esq., on behalf of the defendants, requested an extension of the defendants' time to answer the complaint, which was agreed to by plaintiff's counsel.

67.     During the week of January 28, 2013, MR. STIMOLA left repeated several telephone messages and text messages with MR. GALICIA that he needed to speak to him urgently.

68.     Mr. Galicia did not return the telephone messages.

## COLLECTIVE ACTION CLAIMS

69.     Upon information and belief, there are approximately fifteen (15) current and former employees that are similarly situated to the plaintiff ARTURO LISANDRO GALICIA who have been denied overtime compensation. The plaintiff ARTURO LISANDRO GALICIA represents other kitchen laborers and is acting on behalf of the defendants' current and former employees' interests as well as his own interests in bringing this action.

70.     Plaintiff ARTURO LISANDRO GALICIA seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

All persons who are currently, or have been employed by the defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who were kitchen laborers.

71.     Former and current employees similarly situated to plaintiff ARTURO LISANDRO GALICIA are readily identifiable and locatable through use of the defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

72.     Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff ARTURO LISANDRO GALICIA who have been unlawfully deprived of overtime pay,

in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF ARTURO LISANDRO GALICIA
## AND THE FLSA COLLECTIVE CLASS
## FOR FAILURE TO PAY OVERTIME
## AN FLSA VIOLATION

73.     Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs of the Complaint, with the same force and effect, as if fully alleged herein.

74.     Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

75.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to him.

76.     The plaintiff has expressed his consent to make these claims against the defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (See Exhibit "A," annexed hereto).

**77.**     As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION ON**

**BEHALF OF PLAINTIFF ARTURO LISANDRO GALICIA**

**FOR FAILURE TO PAY OVERTIME**

**A NYLL VIOLATION**

78.     Plaintiff ARTURO LISANDRO GALICIA repeats and re-alleges each and every allegation contained in paragraphs "1" through "49" of the Complaint, with the same force and effect, as if fully alleged herein.

79.     Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of the NYLL.

80.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to him.

81.     By the course of conduct set forth above, defendants have violated N.Y. Lab. Law § 650, et seq.; 12 N.Y.C.R.R. § 146-1.4.

82.     Defendants have a policy and practice of refusing to pay overtime compensation to the plaintiff.

83.     Defendants' failure to pay overtime compensation to plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

84.     As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendants are indebted to him in the amount of

the unpaid overtime compensation and such other legal and equitable relief due to the

defendants' unlawful and willful conduct, as the Court deems just and proper.

85.     Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be

paid by the defendants as provided by the NYLL.

## AS AND FOR A THIRD CAUSE OF ACTION ON

## BEHALF OF PLAINTIFF

## FOR VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

## A NYLL VIOLATION

86.     Plaintiffs repeat and re-allege each and every allegation in all preceding

paragraphs of the Complaint, with the same force and effect, as if fully alleged herein.

87.     Defendants failed to pay plaintiff one (1) additional hour pay at the basic

minimum wage rate before allowances for each day plaintiff's spread of hours exceeded ten (10),

in violation of N.Y. Lab. Law §§ 190, et seq. & 650, et seq., as codified by 12 N.Y.C.R.R. § 146-

1.6.

88.     Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of

the NYLL.

89.     Defendants' failure to pay plaintiff an additional hour pay for each day plaintiff's

spread of hours exceeded ten (10) was willful within the meaning of N.Y. Lab. Law § 663.

90.     As a result of the foregoing, plaintiff has been injured, and defendants have

profited thereby, in an amount to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR UNLAWFUL RETALIATION

## ON BEHALF OF PLAINTIFF

## FOR UNLAWFUL RETALIATION IN VIOLATION OF THE NYLL

91.     NYLL §215-1(a) as amended, states that no "officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in a protected activity.

92.     By commencing this action, the plaintiff engaged in protected activity under NYLL §215.

93.     The defendants, by spreading defamatory information about MR. GALICIA as outlined in this complaint, threatened, penalized and retaliated against MR. GALICIA.

94.     There is a causal connection between the protected activity and the prohibited activities of the defendants.

95.     As a result of Defendants' violations of §215-1(a) of the New York Labor Law, the plaintiff is entitled to inter alia, liquidated damages in the amount of up to $10,000.00, interest, attorneys' fees, costs, and other compensation pursuant to §215-2(a).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff ARTURO LISANDRO GALICIA on behalf of himself and the FLSA Collective Class, on the first cause of action:

a. Judgment against defendants for plaintiff's unpaid back wages at the applicable overtime rate;

b. An equal amount to the overtime wage damages as liquidated damages;

c. Judgment against defendants that their violations of the FLSA were willful;

d. To the extent liquidated damages are not awarded, an award of prejudgment interest;

e. All costs and attorneys' fees incurred prosecuting these claims; and

f. For such further relief as the Court deems just and equitable.

WHEREFORE, plaintiff prays for the following relief as follows, on the second cause of action:

a. Judgment against defendants for an amount equal to plaintiff's unpaid back wages at the applicable overtime rate;

b. An equal amount of the overtime wage damages as liquidated damages;

c. All costs and attorneys' fees incurred in prosecuting these claims; and

d. For further relief as this Court deems just and equitable.

WHEREFORE, plaintiff prays for the following relief as follows, on the third cause of action:

a. Judgment against defendants for an amount equal to plaintiff's unpaid back wages;

b. All costs and attorneys' fees incurred in prosecuting these claims; and

c. For further relief as this Court deems just and equitable.

WHEREFORE, plaintiff prays for the following relief as follows, on the fourth cause of action:

a. Liquidated damages in the amount of $10,000.00;

b. All costs and attorneys' fees incurred in prosecuting these claims; and

c. For further relief as this Court deems just and equitable.

- 15 -

Dated:  Glen Cove, New York
       February 6, 2013

> Respectfully submitted,
> STEVEN J. MOSER P.C.
>
>
> /s/
>                  
> By:  Steven John Moser
> 3 School Street, Suite 207 B
> Glen Cove, New York  11542
> (516) 671-1150
> F (516) 882-5420